| | |
|---|---|
| **DONALD QUIPP, an individual**<br><br>Plaintiff,<br>vs.<br>**BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company; GMG MOTORS, INC., D/B/A BMW OF SAN DIEGO, a California Corporation; and DOES 1 through 10, inclusive**,<br><br>Defendants. | Case No.: 3:17CV290-DMS-KSC<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>Judge**:** Dana M. Sabraw<br>Magistrate: Karen S. Crawford |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

Presently before the Court is an *ex parte* motion filed by Plaintiff DONALD QUIPP seeking leave to file under seal portions of BMW of North America, LLC's ("BMW") Certified Pre-Owned ("CPO") Manual for the Court's consideration in connection with Defendants, BMW and GMG MOTORS INC., D/B/A BMW OF SAN DIEGO's Motions for Partial Summary Judgment. (ECF Docket Nos. 40-41).

"Courts have long recognized 'a general right to inspect and copy public records and documents, including judicial records and documents.'" *Rieckborn v. Velti PLC*, No. 13-cv-03889-WHO, 2014 WL 4964313, at *1 (N.D. Cal. Oct. 3, 2014) (quoting *Nixon v. Warner*

*Communications, Inc.*, 435 U.S. 589, 597 (1978)). However, "[t]his right is not absolute. To balance the competing interests of the public's right of access against litigants' need for confidentiality, a party seeking to file under seal materials related to dispositive motions must provide 'compelling reasons' to do so." *Id.* (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). Under this standard, "a party seeking to seal materials must 'articulate compelling reasons supported by specific factual findings,' providing the court with 'articulable facts' identifying the particular interests favoring secrecy and showing how those interests outweigh the 'strong presumption' favoring disclosure." *Id.* (quoting *Kamakana*, 447 F.3d at 1178-81). "In general, compelling reasons sufficient to justify sealing exist when the materials 'might have become a vehicle for improper purposes, such as ... to gratify private spite, promote public scandal, ... or release trade secrets.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1179). "'The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1179).

Here, Plaintiff has not provided compelling reasons for filing the identified documents under seal. Accordingly, the motion is denied. The Clerk of Court shall file the documents according to the regular filing procedure.

**IT IS SO ORDERED.**

Dated: July 6, 2018

Hon. Dana M. Sabraw
United States District Judge